UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATRIEL BEN YISRAEL, a/k/a BERNARD S. HOOKS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )    No. 4:24-CV-00260 JSD |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff Katriel Ben Yisrael filed this civil rights action on February 16, 2024. The Court notes that this is the third action plaintiff has filed relating to his purported physical removal from a property in St. Louis County, Missouri, located on Villa Lago Drive. *See M.Y. v. Copeland*, No. 4:21-CV-00530 CDP (E.D.Mo. 2021) (dismissing civil rights action for failure to state a claim where plaintiff claimed he had squatter's rights at property in St. Louis County, Missouri, at 1470 Villa Lago Drive); *Yisrael v. United States*, No. 4:19-CV-3318 SPM (E.D.Mo. 2020) (dismissing case where plaintiff sought declaratory judgment that he did not owe taxes on St. Louis County, Missouri, property at 1470 Villa Lago Drive as legally frivolous).

In this action, plaintiff not only declares an ownership interest in the house on Villa Lago Drive, but he also asserts that he was wrongfully arrested for burglary and trespass while maintaining a residence in the home and falsely imprisoned in St. Louis County Detention Center. *See State v. Hooks*, No. 23SL-CR02592-01 (21st Jud. Cir., St. Louis County Court) (wherein plaintiff is being prosecuted for burglary and trespass – he currently has a warrant issued for failure to appear for a September 9, 2023, court date). However, the complaint is defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating

his rights. In addition, plaintiff has neither paid the $405 filing fee nor filed a motion for leave to proceed in forma pauperis.

Because plaintiff is proceeding pro se, the Court will allow him the ability to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff's amended complaint should clearly indicate how the claims raised in this matter differ from those already considered by this Court. *See Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004) (discussing the doctrine of res judicata). Moreover, to the extent plaintiff is attempting to have this Court review a state-court criminal matter, he should be aware that this Court must abstain from doing so until the matter is resolved. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (district courts are required to abstain from ruling on false arrest and false imprisonment claims until underlying state court cases have been resolved; thus, where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

In addition, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a

2

defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 21st day of February, 2024.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

3